IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00308-RBJ-2
Civil Case 18-cv-00788-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Priscilla Olivia Tristan

    Defendant.

**ORDER ON HABEAS PETITION**

Priscilla Olivia Tristan, through counsel, moves to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in this order, the motion is denied.

### I.     BACKGROUND.

**Plea and Sentence**

On May 3, 2017 Ms. Tristin pled guilty to Count 1 of the Superseding Indictment, Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine, contrary to 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii). She was represented by counsel and was fully advised as to her rights and potential consequences by the Court at the Change of Plea hearing and in writing. *See* ECF Nos. 116 (Plea Agreement) and 117 (Statement by Defendant in Advance of Plea of Guilty).[1] Notably, she stipulated to participating with co-defendant Mike Ortiz and others in a large-scale

---

[1] Although the motion to vacate was filed as a civil case, No. 18-cv-01788-RBJ, all the pleadings referenced in this order by ECF numbers are found in her criminal case file, No. 16-cr-00308-RBJ-2.

methamphetamine distribution conspiracy, both before her arrest and continuing after she was taken into custody. ECF No. 116 at 4-10.

The statutory imprisonment range applicable to Ms. Tristin's offense was 20 years to life. Based on an Offense Level of 39 and a Criminal History Category IV, the recommended guideline range would have been 360 months to life. However, the government moved for, and the Court granted, a departure pursuant to guideline § 5k1.1. ECF Nos. 141 and 159. The defendant moved for, and the Court granted, a downward variance in addition to the departure. On July 14, 2017 the Court sentenced Ms. Tristin to 240 months of incarceration, 10 years of supervised release, and a $100 Special Assessment Fee. ECF No. 159 (minute entry). Judgment entered on July 17, 2017. ECF No. 160.

## Motion to Vacate

On September 5, 2017 Ms. Tristin informed the Court by letter that she wished to appeal but was unable to communicate with her attorney, Jeffrey Edelman, and wished to have a different lawyer. *See* ECF No. 162. On September 8, 2017 the Court, noting that Mr. Edelman was no longer a member of the CJA panel, appointed counsel from the panel to represent Ms. Tristin. ECF Nos. 163-65. Attorney Jane Holse Fisher-Byrialsen entered an appearance on behalf of Ms. Tristin on September 15, 2017. ECF No. 166.

The pending motion to vacate was filed by Ms. Fisher-Byrialsen on behalf of Ms. Tristin on July 13, 2018. ECF No. 168. It asserts ineffective assistance by attorney Edelman before and after sentencing. This included inefficient communication, failure to explain her appellate waiver, failure to explain her appellate rights including her right to assert ineffective assistance counsel, failure to notify her of her appeal deadline until sending her a letter on July 21, 2017

which she did not receive until after the deadline had passed, and failure to protect her appellate rights by filing a timely notice of appeal. *Id.* at 1-3; ECF No. 168-1 (Edelman letter).

**Response**

The Court ordered the government to respond to the motion to vacate. ECF No. 169. In its response the government argues that Ms. Tristin fails to show that Mr. Edelman's performance was deficient or that the alleged deficiencies prejudiced the defendant. ECF No. 173 at 5.

**Reply**

Ms. Tristin reemphasizes Mr. Edelman's failure to preserve her appellate rights. She asked the Court to hold a hearing and, ultimately, to reinstate her right to appeal. ECF No. 174.

## II. ANALYSIS AND CONCLUSIONS.

"To prevail on a claim that trial counsel was ineffective, a defendant must establish (1) that 'counsel's representation fell below an objective standard of reasonableness," and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Fairchild v. Trammell,* 784 F.3d 702, 715 (10th Cir. 2015 (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)).

### A. Representation Through Sentencing.

Ms. Tristin asserts that her relationship with Mr. Edelman broke down due to inefficient communication, and that he did not properly advise her as to her appellate waiver or her appellate rights before she pled guilty and was sentenced. However, before her change of plea Ms. Tristin presented to the Court a Plea Agreement and a Statement by Defendant in Advance of Plea of Guilty. ECF Nos. 116 and 117. Those documents were marked Court Exhibits 1 and 2 for the Change of Plea hearing. Upon inquiry from the Court during the hearing, Ms. Tristin

3

testified under oath that she had read both documents, discussed them with counsel, had as much time as she felt she needed to go over the documents and the case in general with counsel, and understood the contents of the two documents. ECF No. 171 at 3-4. In her Statement by Defendant in Advance of Plea of Guilty Ms. Tristin represented, "I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case." ECF No. 117 at 8, 25. During the Change of Plea hearing the Court specifically asked Ms. Tristin whether she was satisfied with Mr. Edelman's services. She answered "yes." ECF No. 171 at 3 (transcript). She also specifically advised the Court during that hearing that she was guilty of the crime charged, and that the stipulation of a factual basis as set forth in the Plea Agreement was fair and accurate. *Id.* at 6-7.

In her Plea Agreement Ms. Tristin agreed that she was aware of her right to appeal the sentence but "in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: . . . (2) the defendant was deprived of the effective assistance of counsel." ECF No. 116 at 2-3. During the Change of Plea Hearing the Court advised Ms. Tristin of her right to appeal following sentencing but also noted that as part of her plea bargain she agreed to waive that right, subject to the exceptions listed at pages two and three of her Plea Agreement. She advised the Court that she understood that, and that she had no questions about it. ECF No. 171 at 10. She was also advised, in writing and by the Court, that she faced as minimum sentence of 20 years. ECF No. 116 at 4; ECF No. 171 at 7-8.

The Court found, before accepting her plea, that Ms. Tristin had been fully and properly advised in writing and by the Court, that she had indicated her satisfaction with counsel, that she

had acknowledged the factual basis for the plea, and that she was entering the plea knowingly, intelligently and voluntarily. ECF No. 171 at 10-11 (transcript).

These representations to the Court, both in writing and in response to questions from the Court, are significant. *See Romero v. Tansy,* 46 F.3d 1024, 1033 (10th Cir. 1995) ("It is well-established that a defendant's statements on the record, 'as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). *See also United States v. Weeks,* 653 F.3d 1188, 1205 (10th Cir. 2011) ("[T]he 'truth and accuracy' of a defendant's statements during the Rule 11 proceeding 'should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements.'" (quoting *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975) (per curiam)). Ms. Tristin has provided no believable or valid reason justifying a departure from the truth of the written and oral representations she made to the Court before the Court accepted her plea. Rather, except for her lawyer's post-sentencing performance, discussed later in this order, she provides essentially conclusory allegations about difficulties in communicating with her lawyer before she entered her plea and her failure to understand her appellate waiver. Notably, and in contrast to the *Weeks* case, she has never asserted innocence or disputed either her admission of guilt or the factual basis for her plea.

Ms. Tristin has not suggested that her lawyer's performance during the Sentencing Hearing was deficient or prejudicial to her. Nor could she. The Guideline recommendation was 360 months to life. The government moved for a 30% departure based upon substantial assistance pursuant to Guideline section 5k1.1, i.e., to a sentence of 258 months. ECF No. 141. The Court granted the requested departure. Mr. Edelman asked the Court, and the Court agreed,

to vary below the departure number to the statutory minimum sentence of 240 months. The Court could not impose a sentence below the minimum without a government motion to do so. 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."). *See United States v. Tenorio,* 527 F. App'x 781, 784 (10th Cir. 20k13) (unpublished) ("In the absence of a motion from the Government or some other statutory exception, a district court does not have authority to sentence a defendant below a statutory minimum."). *Cf. United States v. A.B.,* 529 F.3d 1275, 1280 (10th Circ. 2008) (where the government moves for a departure below the statutory minimum based on substantial assistance, a district court is not authorized to vary further below the statutory minimum based on factors other than substantial assistance).

I conclude that Ms. Tristin has provided no basis for the Court to find either deficient performance or prejudice through the acceptance of her plea and the imposition of the sentence.

**B. Post-Sentencing.**

In addition to the advisements Ms. Tristin received before and during the Change of Plea hearing concerning her appellate rights, near the conclusion of the Sentencing Hearing the Court indicated that if Ms. Tristin wished to appeal, she must do so within 14 days of the entry of judgment. ECF No. 172 at 20 (transcript). Nevertheless, I agree that she was not effectively represented following her sentence.

Judgment entered on July 17, 2017. ECF No. 160. Therefore, her notice of appeal was due on July 31, 2017. The only evidence in the record that Mr. Edelman made any attempt to protect Ms. Tristin's appellate rights is a letter dated July 21, 2017, addressed to Ms. Tristin at

the Douglas County Detention Facility. ECF No. 168-1. The letter mentions her appellate waiver and its exceptions. It then states (incorrectly) that a notice of appeal must be filed by July 28, 2017. It continues, "It is my recollection at the sentencing hearing that you informed me you did not wish to file a notice of appeal. If your position changes please let me know immediately and certainly no later than July 28, 2017." It warns that if he did not hear from her by July 28, 2017, he would assume that Ms. Tristin did not wish to appeal and would not take any steps to pursue and appeal on her behalf. *Id.*

Ms. Tristin, through counsel, represents in her motion that she was transported from the Douglas County Detention Facility to FCI Dublin, California on July 22, 2018, and that she did not receive Mr. Edelman's letter until well after the deadline to file an appeal. ECF No. 168 at 3. Although I have no evidence confirming those representations, the government has not challenged them, and I accept them for present purposes. The Court finds that counsel's failure to communicate with Ms. Tristin either in person or by telephone was deficient. He did not know whether she wanted to appeal. He sent her a letter dated one week before he believed a notice of appeal was due. He must not have verified that she would still be in the Douglas County Detention Facility, as turns out that she was transferred out the day after his letter was dated. If he could not reach her in person or by phone to confirm that she did not wish to appeal, he should have filed an appeal to protect her rights.

The problem is, I cannot find that there is a reasonable probability that, but for the deficient performance, the result would have been different in a way that benefits Ms. Tristin. Ms. Tristin's appellate waiver was enforceable. *See United States v. Hahn,* 359 F.3d 1315, 1324-27 (10th Cir. 2004). Accordingly, it would have blocked an appeal unless one of the exceptions to the waiver applied. The one issue Ms. Tristin raises now – ineffective assistance of

counsel – is an express exception to the waiver.  However, she inevitably would have run into the same problems on appeal that I have discussed in this order.  She has provided no valid reason to disregard her representations to this Court when she pled guilty.  She has never denied her guilt.  She received the minimum sentence allowed by law for the crime which she admitted committing.

Ms. Tristin argues that when counsel's performance deprives a defendant of an appeal that she otherwise would have taken, the defendant "has made out a successful ineffective assistance of counsel claim entitling [her] to an appeal." ECF No. 174 at 4 (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000)).  I accept that she was entitled to an appeal, but in this instance reinstating Ms. Tristin's right to appeal, as she asks me to do, would be a futile act.  In *Roe* the Court also stated, "As with all applications of the *Strickland* test, the question whether a given defendant has made the requisite showing will turn on the facts of a particular case.  Nonetheless, evidence that there were nonfrivolous grounds of appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485.  Ms. Tristan has provided no basis to vacate her conviction or her sentence.  In substance, she has provided no nonfrivolous ground for appeal.

I also decline to set a hearing on the pending motion.  *See* 28 U.S.C. § 2255(b) (the court should grant a prompt hearing unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief).

### III.   ORDER.

For the reasons set forth in this order, the Court declines the request for a hearing and denies the motion to vacate her conviction and sentence, ECF No. 168 in case No. 16-cr-00308-RBJ.

DATED this 24th day of July, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge